UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL HOGANS, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) No. 4:09CV501 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant's Motion under 28 U.S.C. § 2255 by a Person in Federal Custody, [Doc. No. 1]. Pursuant to this Court's Order, the government has responded to the motion. For the reasons set forth below, the Motion under § 2255 is denied without a hearing.

## Movant's Claims

Movant makes the following claims:

**Ground One**: Counsel fell below an objective standard of reasonable assistance by failing to note, object or appeal the failure to advise movant of his right to counsel in any trial, movant was prejudiced by failure to understand consequences.

**Ground Two**: New evidence of police misconduct demonstrates that counsel fell below objective standard of reasonable assistance and movant was prejudiced thereby.

Movant also includes a request for an evidentiary hearing and an expansion

of the record to include affidavits and attachments.

## Facts and Background

On November 16, 2006, Movant was indicted on three counts: possession with intent to distribute in excess of 50 grams of cocaine base (crack) and a quantity of MDMA on July 26, 2004, and possession with intent to distribute in excess of five grams of cocaine base (crack) on September 16, 2004, all in violation of 21 U.S.C. § 841(a)(1).

In the Plea Agreement, Movant acknowledged that he was guilty of the crimes charged, and that he waived his right to contest the conviction or sentence in any post conviction proceeding, including one pursuant to 28 U.S.C. § 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

Movant appeared in open court on February 21, 2007, at which time he formally entered his plea of guilty to Counts I and III of the indictment. The Court reviewed the terms of the plea agreement and questioned Movant as to his understanding thereof. The Court questioned Movant as to his culpability and whether he understood that he did not have to plead guilty and that by pleading guilty, he was waiving his right to a trial by jury.

The Court questioned Movant as to counsel's representation. Movant admitted under oath and in open court that he was fully satisfied with counsel's

representation, that he understood the terms of the plea agreement, that counsel had performed all tasks and investigation requested of him, that he was entering into the plea agreement of his own free will and that it was what he wanted to do. At no time did Movant voice any dissatisfaction with defense counsel, nor did he raise any questions with respect to any of the terms of the plea agreement.

**Standards for Relief Under 28 U.S.C. 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims brought under § 2255 may also be limited by procedural default. A Movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*,

252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255). Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043. Since the Court finds that Movant's claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

## Discussion

## Waiver § 2255 Rights

Plea bargaining does not violate the Constitution, even though a guilty plea waives important constitutional rights. *Newton v. Rumery,* 480 U.S. 386, 393, (1987). It is well-settled that a defendant may affirmatively waive particular constitutional rights. *See Boykin v. Alabama,* 395 U.S. 238, 243 (1969) (right to a jury trial, to confront and cross-examine witnesses, and to the Fifth Amendment privilege against self-incrimination); *Faretta v. California,* 422 U.S. 806 (1975) (right to counsel). Movant waived his rights to appeal certain issues by reason of his guilty plea. By pleading guilty, Movant waived all non-jurisdictional issues. *United States v. Limley*, 510 F.3d 825, 827 (8th Cir. 2007).

When a defendant waives his appeal and post conviction relief rights in a plea agreement, the waiver will be enforced if it was knowingly and voluntarily made. *DeRoo v. United States,* 223 F.3d 919, 923 (8th Cir.2000) (citing *United States v. Goings,* 200 F.3d 539, 543 (8th Cir.2000)). Plea agreements that include appeal waivers are enforceable. *See United States v. Clayborn*, 249 F.App'x. 495 (8th Cir. 2007).

## Standard for Ineffective Assistance of Counsel

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal.

*United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

> Under *Strickland,* a petitioner must show that his counsel's performance was both deficient and prejudicial to obtain relief. *Id.* at 687, 104 S.Ct. 2052. That is, "the movant must show that his lawyer's performance fell below the minimum standards of professional competence (deficient performance) and that there is a reasonable probability that the result of the proceedings would have been different if his lawyer had performed competently (prejudice)." *Alaniz v. United States,* 351 F.3d 365, 367–68 (8th Cir.2003) (citing *Strickland,* 466 U.S. at 690, 694, 104 S.Ct. 2052). "Our scrutiny of counsel's performance must be 'highly deferential.'" *New v. United States,* 652 F.3d 949, 952 (8th Cir.2011) (citing *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052).

*Hamberg v. U.S.,* 2012 WL 1058950, 2 (8th Cir 2012).

Both parts of the *Strickland* test must be met in order for an ineffective

assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine

confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

Where a defendant raises multiple claims of ineffective assistance, each claim of ineffective assistance must be examined independently rather than collectively. *Hall v. Luebbers,* 296 F.3d 385, 692-693 (8th Cir.2002); *Griffin v. Delo,* 33 F.3d 895, 903-904 (8th Cir.1994).

Movant's complaint that counsel did not specifically notify him of his right to counsel at trial is belied by the record. In the Plea Agreement, Movant acknowledged that he understood that he had a right to be represented by counsel, and if necessary, to have counsel appointed by the Court at trial and at every other

stage of the proceeding.  Moreover, the Plea Agreement detailed that Movant's counsel explained Movant's rights and consequences of the waiver of Movant's rights.  The record reflects that Movant understood and voluntarily accepted the terms of the plea agreement.

The Court questioned Movant as to his intent and the Court also ascertained that Movant understood, and could read and write the English language.  The explanation of the possible sentence was fully set out in the Plea Agreement.  The Court had the government answer Movant's question regarding the range of punishment at the plea hearing, and Movant acknowledged that his question had been answered.  The Court therefore concludes that Movant's claim of ineffective assistance of counsel is meritless.

Movant also claims discovery of police misconduct entitles him to relief.  While there is supporting documentation that one or more of the officers involved in Movant's arrest have been found to have committed federal offenses, nothing in the record before the Court in any way establishes any misconduct with respect to this particular Movant and the events surrounding his arrest.  Movant has produced no evidence to overcome his sworn testimony that he was guilty of the crimes charged and that all of the facts alleged by the government were in fact, true.  Movant admitted his guilt and further testified that he was fully satisfied

with his representation. The fact that certain officers were found guilty of crimes which had nothing to do with Movant cannot form the basis for vacating Movant's sentence.

## **Conclusion**

Movant admitted his guilt of the crimes charged and that he was fully satisfied with the representation given to him by counsel. Movant acknowledged at every stage of this proceeding that he understood the proceedings and that he was waiving certain rights. Further, Movant was advised throughout the proceedings of his right to counsel at every stage. Movant has failed to establish any prejudice to him as a result of previous and/or subsequent police misconduct in other instances. Movant's motion will be denied in its entirety.

## **Certificate of Appealablity**

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed

herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. 1], is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 30th day of April, 2012.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE